**Todd M. Friedman, Esq. (6276496)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ORILLA HOLMES,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| **GC SERVICES, LP,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

///

///

///

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.    Plaintiff, ORILLA HOLMES ("Plaintiff"), is a natural person residing in Lake county in the state of ILLINOIS, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a (3).

4.    At all relevant times herein, Defendant, GC SERVICES, LP ("Defendant") with its principle place of business located in Harris County, Illinois was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a (6).

## IV. FACTUAL ALLEGATIONS

5.    At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.     Defendant began contacting Plaintiff on her home phone at (847) 672-7088, in connection with an attempt to collect a debt allegedly owed Plaintiff.

7.     On average, Defendant contacted Plaintiff approximately 3 to 4 times per day, calling from (866) 827-9670 in connection with an attempt to collect a debt allegedly owed by Plaintiff.

8.     On average, Defendant contacted Plaintiff approximately 15 to 20 times per week, calling from (866) 827-9670 in connection with an attempt to collect a debt allegedly owed by Plaintiff.

9.     On at least one occasion, Plaintiff informed Defendant that she did not take the class and therefore she should not owe the alleged debt. Despite this information, Defendant continued to contact Plaintiff.

9.     On or about January of 2013, Defendant garnished Plaintiff's income tax refund for approximately $989.00 in connection with an attempt to collect a debt allegedly owed by Plaintiff. Plaintiff gave no consent to Defendant to garnish her income tax refund.

10.    Defendant contacted Plaintiff at times and places that were known to be inconvenient and with such frequency at to constitute harassment under the circumstances, including but not limited to, multiple calls to a third party.

11.   Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a.   Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

b.   Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances

c.   Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d.   Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, (§ 1692c(a)(1));

e.   Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f).

12.   As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

13.    Plaintiff reincorporates by reference all of the preceding

paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

      A.    Declaratory judgment that Defendant's conduct

violated the FDCPA;

      B.    Actual damages;

      C.    Statutory damages;

      D.    Costs and reasonable attorney's fees; and,

      E.    For such other and further relief as may be just and
proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered

against the Defendant for the following:

      A.    Declaratory judgment that Defendant's conduct
violated the RFDCPA;

      B.    Actual damages;

      C.    Statutory damages for willful and negligent violations;

      D.    Costs and reasonable attorney's fees,

      E.    For such other and further relief as may be just and
proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 7th day of August, 2013.

By:   /S Todd M. Friedman

**Todd M. Friedman, Esq. (6276496)**
**Law Offices of Todd M. Friedman,**
**P.C.**
**Attorney for Plaintiff**